**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**SEPTEMBER 1997 SESSION**

FILED

October 30, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **CARL HYSON, JR.,** | ) | |
| | ) | **C.C.A. NO. 03C01-9611-CR-00393** |
| Appellant, | ) | |
| | ) | **JOHNSON COUNTY** |
| VS. | ) | |
| | ) | **HON. LYNN W. BROWN,** |
| **HOWARD CARLTON** and | ) | **JUDGE** |
| **STATE OF TENNESSEE** | ) | |
| | ) | |
| Appellees. | ) | (Habeas corpus) |

<u>FOR THE APPELLANT:</u>          <u>FOR THE APPELLEES:</u>

**CARL HYSON, JR., pro se**          **JOHN KNOX WALKUP**
# 236076 NECC                         Attorney General & Reporter
POB 5000
Mountain City, TN   37683          **MICHAEL J. FAHEY, II**
                                              Asst. Attorney General
                                              450 James Robertson Pkwy.
                                              Nashville, TN  37243-0493

                                              **DAVID CROCKETT**
                                              District Attorney General
                                              Rt. 19, Box 99
                                              Johnson City, TN   37601

OPINION FILED:_____

**AFFIRMED**

**JOHN H. PEAY,**
Judge

**O P I N I O N**

The petitioner filed his petition for writ of habeas corpus on August 8, 1996, alleging that his 1994 convictions for aggravated sexual battery must be set aside pursuant to this Court's opinion in State v. Roger Dale Hill, Sr., No. 01C01-9508-CC-00267, Wayne County (Tenn. Crim. App. filed June 20, 1996, at Nashville). Specifically, he claims that the indictment charging him with multiple counts of aggravated rape fails to allege an essential element of the crimes and his convictions must therefore be set aside. The court below summarily denied the petition on the grounds that it failed to state a basis for relief. The petitioner appeals. We affirm the judgment below.

The charges against the petitioner provide that he "did unlawfully and feloniously have sexual penetration with [the victim], . . . a child under the age of thirteen years, contrary to TCA, Section 39-13-502." In Hill, the indictment alleged merely that the defendant had "unlawfully sexually penetrate[d] [the victim] a person less than thirteen (13) years of age." This Court found that the use of the word "unlawfully" was not sufficient to allege the defendant's mens rea, an essential element of the offense. Accordingly, the indictment was found fatally defective.

The indictment in the petitioner's case is significantly different. In addition to alleging that the crimes were committed "unlawfully," the indictment provides that the petitioner committed the offenses "feloniously." As pointed out by the State, Judge Tipton of this Court has previously considered allegations similar to those of the petitioner's in which the defendant had been charged with "unlawfully and feloniously sexually penetrat[ing] [the victim] by use of force or coercion." See Charles Gates v. State, No. 03C01-9510-CC-00313, Bradley County (Tenn. Crim. App. Order filed Aug. 16, 1996, at

2

Knoxville). In that case, Judge Tipton ruled as follows:

> Historically, the word 'feloniously' has meant '[p]roceeding from an evil heart or purpose; done with a deliberate intention of committing a crime.' As our supreme court has previously noted, 'one meaning attached to the word is: "In a legal sense, done with the intent to commit a crime." ' Certainly, these mental states that are necessarily inherent in the word 'feloniously,' as recognized in Tennessee for the better part of this century, would include a reckless mens rea, as such exists in the present law.

> An indictment is no less valid for failing to allege the offense in the words of the statute if it alleges the equivalent to those terms. Thus, the indictment, in charging aggravated rape, was and is jurisdictionally sufficient to support the entry of a judgment of conviction for rape. . . .

Id. (citations omitted). See also State v. John Haws Burrell, No. 03C01-9404-CR-00157, Anderson County (Tenn. Crim. App. filed Feb. 11, 1997, at Knoxville) (in which a panel of this Court adopted with approval Judge Tipton's conclusion that the term "feloniously" necessarily implies the mens rea of intentional, knowing or reckless). The same reasoning applies in this case. This issue is without merit.

The petitioner also complains that the court below erred when it dismissed his petition summarily. It did not. Habeas corpus relief is available only when the judgment is void upon its face or the petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994). No such grounds have been demonstrated here: the "defect" about which the petitioner complains did not divest the trial court of jurisdiction or render the subsequent post-indictment proceedings a nullity. Nor does the petition set forth grounds for relief under the post-conviction act.[1] The indictment charging the petitioner with aggravated rape was sufficient on which to base valid convictions, and no evidentiary

---

[1] Furthermore, as noted by the State, the instant petition was not filed in the county in which the convictions occurred. Accordingly, the court below lacked jurisdiction to consider it as a petition for post-conviction relief. See Oliphant v. State, 806 S.W.2d 215, 217 (Tenn. Crim. App. 1991).

3

hearing was therefore necessary.  The judgment below is therefore affirmed.


_____
JOHN H. PEAY, Judge


CONCUR:


_____
DAVID G. HAYES, Judge


_____
WILLIAM M. BARKER, Judge

4